UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 22-cv-61142-BLOOM/Valle

MAYIM BIALIK,

    Plaintiff,

v.

THE INDIVIDUALS, BUSINESS ENTITIES,
OR UNINCORPORATED ASSOCIATIONS
IDENTIFIED ON SCHEDULE A.,

    Defendants.
_____/

**ORDER GRANTING *EX PARTE* COMBINED APPLICATION
FOR ENTRY OF TEMPORARY RESTRAINING ORDER, PRELIMINARY
INJUNCTION, AND LEAVE TO TAKE EXPEDITED DISCOVERY**

**THIS CAUSE** is before the Court upon Plaintiff Mayim Bialik's ("Plaintiff") *Ex Parte* Combined Application for Entry of Temporary Restraining Order, Preliminary Injunction, and Motion for Leave to Take Expedited Discovery ("Motion"), ECF No. [5], filed on June 28, 2022. The Court has carefully considered the Motion, the record in this case, and the applicable law, and is otherwise fully advised. For the reasons that follow, the Motion is granted.

**I.  FACTUAL BACKGROUND**

Plaintiff is a globally recognized actor, author, and scientist. As a result of her fame, Plaintiff's name, image, likeness, and persona enjoy world-wide recognition and hold significant commercial value. Plaintiff is the exclusive owner of the rights to her name, image, likeness, and persona. *See* ECF No. [5-1] at 2.

Defendants, through various affiliate and digital marketing campaigns and e-commerce websites operating under the advertisement and sponsor identities, affiliate identity codes, and

email addresses set forth on Schedule "A" of the Complaint (the "Advertisement/Sponsor IDs and Affiliate IDs") misappropriate Plaintiff's name, likeness and/or persona by promoting, advertising, and marketing, offering for sale, and selling or causing to be sold certain cannabidiol products (the "Unauthorized CBD Products").

Defendants are not now, nor have they ever been, authorized or licensed to use Plaintiff's name, image, likeness, and/or persona for any purpose. *See* ECF No. [5-1] at 3. Counsel for Plaintiff retained Invisible Inc ("Invisible"), a licensed private investigative firm to investigate the Defendants' digital celebrity marketing scam which misappropriates Plaintiff's name, image, likeness and/or persona. *See id.*, ECF Nos. [5-2] at 2, [5-3] at 3. Invisible accessed various articles and advertisements promoting the sale of certain cannabidiol products ("Unauthorized CBD Products"), which falsely reference Bialik as the product endorser. *See* ECF Nos. [5-2] at 2, [5-3] at 4-5. Invisible's investigation determined that all of the investigated advertisements ("Advertisements"), which falsely reference Bialik as the product endorser, ultimately redirected consumers to one or more uniform record locators where consumers could complete a purchase of an Unauthorized CBD Product. *See* ECF No. [5-3] at 5. Invisible's investigation further revealed that in numerous Advertisements the Unauthorized CBD Products self-identified as "Health and wellness", "Vitamins & supplements" or "Medical & Health" products. *See id.* at 7.

In the instant Motion, Plaintiff moves *ex parte* pursuant to 15 U.S.C. § 1116, Federal Rule of Civil Procedure 65, and the All Writs Act, 28 U.S.C. § 1651(a), for entry of a temporary restraining order and upon expiration of the temporary restraining order, a preliminary injunction against Defendants, for alleged violations of the Lanham Act 15 U.S.C. § 1125(a), and an order authorizing Plaintiff to immediately issue subpoenas to, and depose only as necessary, GoDaddy, Meta, Google Sites, SF Weekly, the Cleveland Scene, and any digital publications, email service

providers, and cannabidiol ("CBD") product companies currently known, or identified through the Subpoenas authorized herein. The discovery sought shall be reasonably limited to the information and documents likely to assist in determining Defendants' name(s) and service address(es).

## II. LEGAL STANDARD

### a. Temporary Restraining Order

To obtain a temporary restraining order, a party must demonstrate "(1) a substantial likelihood of success on the merits; (2) that irreparable injury will be suffered if the relief is not granted; (3) that the threatened injury outweighs the harm the relief would inflict on the non-movant; and (4) that the entry of the relief would serve the public interest." *Schiavo ex. rel Schindler v. Schiavo*, 403 F.3d 1223, 1225-26 (11th Cir. 2005); *see also Levi Strauss & Co. v. Sunrise Int'l. Trading Inc.*, 51 F. 3d 982, 985 (11th Cir. 1995) (applying the test to a preliminary injunction in a Lanham Act case). Additionally, a court may only issue a temporary restraining order without notice to the adverse party or its attorney if:

> (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition [and] (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Fed. R. Civ. P. 65(b)(1). *Ex parte* temporary restraining orders "should be restricted to serving their underlying purpose of preserving the status quo and preventing irreparable harm just so long as is necessary to hold a hearing, and no longer." *Granny Goose Foods, Inc. v. Brotherhood of Teamsters & Auto Truck Drivers Local No. 70 of Alameda Cnty,* 415 U.S. 423, 439 (1974).

### b. Leave to Take Expedited Discovery

A court may order expedited discovery procedures upon a showing of good cause. *Semitool, Inc. v. Tokio Electron Am., Inc.*, 208 F.R.D. 273, 275-76 (N.D. Cal. 2002). This good cause standard can be satisfied "where the moving party has asserted claims of infringement and unfair

3

competition." *Id.*; *accord*, *Benham Jewelry Corp. v. Aron Basha Corp.*, No. 97 CIV. 3841 (RWS), 1997 WL 639037, at *20 (S.D.N.Y. Oct. 14, 1997) (expedited discovery is "routinely granted in actions involving infringement and unfair competition"); *Semitool, Inc.*, 208 F.R.D. at 275-76 ("[C]ourts have recognized that good cause is frequently found in cases involving claims of infringement.").

### III. DISCUSSION

#### a. Temporary Restraining Order

The declarations Plaintiff submitted in support of her Motion support the following conclusions of law:

A. Plaintiff has a strong probability of proving at trial that Defendants are engaged in a false endorsement advertising campaign that deliberately and intentionally misappropriates Plaintiff's name, image, likeness, and/or persona. Plaintiff also has a strong probability of proving at trial that consumers are likely to be confused by Defendants' online marketing campaign.

B. Because of the false advertising campaign Plaintiff is likely to suffer immediate and irreparable harm if a temporary restraining order is not granted. It clearly appears from the following specific facts, as set forth in Plaintiff's Complaint, Motion, and accompanying declarations on file, that immediate and irreparable loss, damage, and injury will result to Plaintiff and to consumers if a temporary injunction is not granted.

1. Defendants control and operate a complex interconnected online affiliate marketing campaign which, without authorization, misappropriates Plaintiff's name, image, likeness, and/or persona to create the false impression that Bialik is affiliated with and endorses the Unauthorized CBD Products;

2. There is good cause to believe that more false advertisements

bearing Plaintiff's name, image, likeness, and/or persona will appear online; that consumers are likely to be misled, confused, and potentially suffer health and safety harms from the consumption and/or use of the Unauthorized CBD Products which are of unknown composition; and that Plaintiff may continue to suffer harm to her reputation; and

C. The balance of potential harm to Defendants in granting Plaintiff's injunction enjoining their unauthorized use of Plaintiff's name, image, likeness, and/or persona is far outweighed by the continuing harm to Plaintiff, her goodwill and reputation, and the consuming public, if such relief is not issued.

D. Public interest favors issuance of the temporary restraining order to protect Plaintiff's rights in her name, image, likeness, and persona, her reputation, and to protect the consuming public against continued deception.

### b. Leave to Take Expedited Discovery

The declarations Plaintiff submitted in support of her Motion further support the following conclusions of law:

A. Defendants' complex multi-layered online advertising operation is deliberately structured to obfuscate Defendants' real name(s) and service address(es).

B. Granting Plaintiff leave to take expedited discovery for the narrowly tailored purpose of identifying the real name(s) and address(es) of Defendants to serve them notice of this action supports granting Plaintiff's motion.

### IV. CONCLUSION

Accordingly, it is **ORDERED AND ADJUDICATED** that Plaintiff's Motion, **ECF No. [5]** is **GRANTED** as follows:

1. Plaintiff is authorized to immediately issue subpoenas to, and depose only as

5

necessary GoDaddy, Meta, Google Sites, SF Weekly, the Cleveland Scene, and any other digital publications, marketing companies, and CBD product companies identified as ultimately benefiting from clicks or advertisements derived from Defendants' false endorsements and false advertisements for the purpose of determining the name(s) and service address(es) of the Defendants.

2. Each Defendant, its officers, directors, employees, agents, subsidiaries, distributors, and all persons in active concert or participation with any Defendant having notice of this Order are temporarily restrained from using Plaintiff's name, image, likeness, or persona in any advertising, marketing, promoting, offering to sell, selling, or distributing any products.

3. Each Defendant, its officers, directors, employees, agents, subsidiaries, distributors, and all persons in active concert or participation with any Defendant having notice of this Order shall immediately discontinue the use of Plaintiff's name, image, likeness, or persona on or in connection with all Internet based advertisements and sponsor identities, affiliate identity codes, and email addresses owned and operated, or controlled by them, including the Internet based advertisement and sponsor identities, affiliate identity codes, and email addresses identified as the Advertisement/Sponsor IDs and Affiliate IDs in Schedule "A" to Plaintiff's Motion.

4. Each Defendant, its officers, directors, employees, agents, subsidiaries, distributors, and all persons in active concert or participation with any Defendant having notice of this Order shall immediately discontinue the use of Plaintiff's name, image, likeness and/or persona within domain name extensions, metatags or other markers within website source code, from use on any webpage (including as the title of any web page), from any advertising links to other websites, from search engines' databases or cache memory, and any other form of use of such terms that are visible to a computer user or serves to direct computer searches to Internet

based advertisements and social media accounts registered, owned, or operated by any Defendant, including the Internet based advertisement and sponsor identities, affiliate identity codes, and email addresses identified as the Advertisement/Sponsor IDs and Affiliate IDs in Schedule "A" to Plaintiff's Motion.

5. Upon receipt of notice of this Order, the Defendants, and all Internet marketplace website operators and/or administrators who are provided with notice of the injunction, including but not limited to smilzcbdgummies.org, greenhouse-gummies.com, healthwellnesslivestore.com, naturalcbdforme.com, and geteaglehemp.com, shall immediately cease accepting online traffic received from Defendants originating from advertisements which make unauthorized use of Plaintiff's name, likeness or persona.

6. Each Defendant shall not transfer ownership of the Internet based advertisement and sponsor identities, affiliate identity codes, and email addresses identified as the Advertisement/Sponsor IDs and Affiliate IDs in Schedule "A" to Plaintiff's Motion during the pendency of this action, or until further order of the Court.

7. Each Defendant shall preserve copies of all computer files relating to the use of any of the Advertisement/Sponsor IDs and Affiliate IDs and shall take all steps necessary to retrieve computer files relating to the use of the Advertisement/Sponsor IDs and Affiliate IDs that may have been deleted before the entry of this Order.

8. This Order shall remain in effect until the ruling on Plaintiff's Motion for Preliminary Injunction, or until such further dates as set by the Court or stipulated to by the parties.

9. This Order shall apply to the Advertisement/Sponsor IDs and Affiliate IDs, associated advertisement and sponsor identities, affiliate identity codes, and any other advertisement and sponsor identities, affiliate identity codes, domain names which are being used

by Defendants for the purpose of misappropriating Plaintiff's name, image, likeness and/or persona and/or unfairly competing with the Plaintiff.

10. Pursuant to 15 U.S.C. § 1116(d)(5)(D) and Federal Rule of Civil Procedure 65(c), Plaintiff shall post a bond in the amount of Ten Thousand Dollars and Zero Cents ($10,000.00), as payment of damages to which Defendants may be entitled for a wrongful injunction, during the pendency of this action, or until further Order of the Court. In the Court's discretion, the bond may be subject to increase should an application be made in the interest of justice.

11. A **hearing** is set before this Court via **Zoom video conference** on **July 12, 2022 at 11:00 a.m.**, at which time the Defendants and/or any other affected persons may challenge the appropriateness of this Order and move to dissolve the same and at which time the Court will hear argument on Plaintiff's requested preliminary injunction. The link to join is https://www.zoomgov.com/j/1618602408?pwd=ZG1IbFFGeC9EQklDSVJpbkVzaHlQUT09. Alternatively, the **Meeting ID is 161 860 2408,** and the **Passcode is 522559**.

12. Plaintiff shall post all docket entries related to this action on the website located at: https://servingnotice.com/Js04n/index.html and email Defendants' at their known email addresses all docket entries related to this action. The combination of providing notice via electronic publication, along with any emails and notices that Defendants receive from payment processors, shall constitute notice reasonably calculated under all circumstances to apprise Defendants of the pendency of the action and afford them the opportunity to present their objections.

13. Additionally, for the purpose of providing additional notice of this proceeding, and all other pleadings, orders, and documents filed herein, the owners, operators and/or administrators of the Internet marketplace websites including but not limited to smilzcbdgummies.org, greenhouse-gummies.com, healthwellnesslivestore.com, naturalcbdforme.com, and

geteaglehemp.com and their related companies and affiliates shall, at Plaintiff's request provide Plaintiff's counsel with any e-mail address known to be associated with the Defendants respective Affiliate ID or Advertisement/Sponsor ID.

14.     **Any response or opposition** to Plaintiff's Motion for Preliminary Injunction must be filed and served on Plaintiff's counsel forty-eight (48) hours prior to the hearing set for **July 11, 2022 at 11:00 a.m.,** and filed with the Court, along with Proof of Service. Plaintiff shall file any **Reply Memorandum** twenty-four (24) hours prior to the hearing set for **July 11, 2022 at 11:00 a.m.** The above dates may be revised upon stipulation by all parties and approval of this Court. **Defendants are on notice that failure to appear at the hearing may result in the imposition of a preliminary injunction against them pursuant to 15 U.S.C. § 1116(d), The All Writs Act, 28 U.S.C. § 1651(a), Federal Rule of Civil Procedure 65, and this Court's inherent authority.**

**DONE AND ORDERED** in Chambers at Miami, Florida, on June 28, 2022.

_____
**BETH BLOOM
UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record