UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 22-cv-61142-BLOOM/Valle

MAYIM BIALIK,

    Plaintiff,

v.

THE INDIVIDUALS, BUSINESS ENTITIES, OR
UNINCORPORATED ASSOCIATIONS
IDENTIFIED ON SCHEDULE "A,"

    Defendants.
_____/

**ORDER GRANTING PLAINTIFF'S MOTION
TO AUTHORIZE ALTERNATE SERVICE OF PROCESS**

**THIS CAUSE** is before the Court upon Plaintiff Mayim Bialik's ("Bialik" or "Plaintiff"), Motion for Order Authorizing Alternate Service of Process on Defendants Pursuant to Federal Rule of Civil Procedure 4(f)(3), ECF No. [17] ("Motion"). The Court has carefully considered the Motion, the record in this case, the applicable law, and is otherwise fully advised. For the reasons set forth below, the Motion is granted.

In her Amended Complaint, Plaintiff set forth claims against Defendants the Individuals, Business Entities, and/or Unincorporated Associations Identified on Schedule "A" (collectively, "Defendants") for (1) false designation of origin, (2) false advertising, (3) unauthorized appropriation of name or likeness, and (4) common law right of publicity and unauthorized publication of name or likeness. *See* ECF No. [16]. More specifically, Plaintiff alleges that Defendants are engaging in the unauthorized use of Bialik's name, likeness, and/or persona through various affiliate and digital marketing campaigns and e-commerce websites. *Id.* Plaintiff contends that Defendants are operating their false advertising affiliate and digital marketing

campaigns and e-commerce websites by operating under the advertisement and sponsor identities, affiliate identity codes, and email addresses set forth on Schedule "A" attached herein (the "Advertisement/Sponsor IDs and Affiliate IDs").

Plaintiff contends that Defendants operate via the Internet and utilize electronic means as reliable forms of contact. *See* ECF No. [17] at 3-6. According to Plaintiff, Plaintiff has good cause to believe that Defendants are non-residents of the United States and operating from India, Pakistan, and potentially other foreign countries. *Id.* at 12-13. Plaintiff further contends that Defendants have at least one operational form of electronic contact, demonstrating that this means of contact is not just effective, but the most reliable means of communicating with Defendants. *Id.* at 3-6. Consequently, Plaintiff asserts that e-mail, including private messaging applications and services, is the most reliable means of providing Defendants with notice of this action. *Id*. at 9.

Rule 4(f)(3) allows a district court to order an alternate method for service to be effected upon foreign defendants, provided that it is not prohibited by international agreement, and is reasonably calculated to give notice to the defendants. *See Brookshire Bros. v. Chiquita Brands Int'l, Inc.*, No. 05-CIV-21962, 2007 WL 1577771, at *2 (S.D. Fla. May 31, 2007) ("[D]istrict courts have found broad discretion under Rule 4(f)(3) to authorize other methods of service that are consistent with due process and are not prohibited by international agreements.") (citing *Prewitt Enters., Inc. v. Org. of Petroleum Exporting Countries*, 353 F.3d 916, 927 (11th Cir. 2003)). The plain language of Rule 4(f)(3) reflects that the decision to issue an order allowing alternate means of service lies within the discretion of the district court.

Service by e-mail is not prohibited under international agreement in this case. Although the United States, India, and Pakistan are signatories to the Hague Convention on the Service Abroad of Extra-Judicial Documents in Civil and Commercial Matters (the "Hague Convention"),

the Hague Convention does not specifically preclude service of process via e-mail, including private messaging applications and services, or by posting on a designated website. Where a signatory nation has objected to the alternative means of service provided by the Hague Convention, that objection is expressly limited to those means and does not represent an objection to other forms of service, such e-mail or website posting.[1] *Stat Med. Devices, Inc. v. HTL-Strefa, Inc.*, No. 15-CV-20590, 2015 WL 5320947, at *2 (S.D. Fla. Sept. 14, 2015) (noting that an objection to the alternative forms of service set forth in the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters, Nov. 15, 1965, 658 U.N.T.S. 16, is limited to the specific forms of service objected to). A court acting under Rule 4(f)(3), therefore, remains free to order alternative means of service where a signatory nation has not expressly objected to those means. *See Gurung v. Malhotra*, 279 F.R.D. 215, 219 (S.D.N.Y. 2011). Accordingly, service by e-mail or internet communication does not violate an international agreement.

Rule 4(f)(3) was "adopted in order to provide flexibility and discretion to the federal courts in dealing with questions of alternative methods of service of process in foreign countries." *In re Int'l Telemedia Assoc., Inc.*, 245 B.R. 713, 719 (Bankr. N.D. Ga. 2000). What constitutes appropriate service varies depending on the circumstances of the case and turns on the court's determination of whether the alternative method is reasonably calculated to apprise the parties of the pendency of the action and afford them an opportunity to present their objections. *Philip Morris USA, Inc. v. Veles Ltd.*, No. 06-CV-002988-GBD, 2007 WL 725412, at *2 (S.D.N.Y. Mar. 12, 2007).

---

[1] India and Pakistan have not expressly objected to service via e-mail or website posting. *See* ECF No. [17-2].

Case No. 22-cv-61142-BLOOM/Valle

Here, the Court finds that Plaintiff has shown good cause for leave to allow service of the Summonses, Amended Complaint, and all future filings in this matter upon each Defendant via e-mail and via posting on a designated website.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Plaintiff's Motion, **ECF No. [17]**, is **GRANTED**.

2. Plaintiff shall serve the Summonses, Amended Complaint, and all filings in this matter upon Defendants via e-mail by providing the address to Plaintiff's designated serving notice website to Defendants via the e-mail accounts provided by each Defendant as part of the data related to their respective affiliate marketing business, including customer service e-mail addresses and private messaging applications and services, or via the social media platform e-mail for Defendant's respective social media accounts. *See* attached Schedule "A" which lists Defendants by Defendant number, Advertisement/Sponsor IDs and Affiliate IDs, and associated means of contact.

3. Plaintiff shall serve Defendants via website posting by posting a copy of the Summonses, Amended Complaint, and all filings in this matter on Plaintiff's designated serving notice website appearing at the URL http://servingnotice.com/Js04n/index.html.

**DONE AND ORDERED** in Chambers at Miami, Florida, on September 14, 2022.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

cc: Counsel of Record